```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22905-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

THOMAS B. STRINGER,            :

    Plaintiff,             :     <u>REPORT OF</u>
                                  <u>MAGISTRATE JUDGE</u>
v.                             :

GATO B. JACKSON, ET AL.,       :

    Defendants.
_____    :

## I. Introduction

The plaintiff Thomas B. Stringer has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

The plaintiff alleged in his initial complaint that corrections officials deprived him of $47.71 from his inmate account because they deducted this amount for a commissary order and did not provide the items he ordered. He also stated in passing that he was retaliated against after he grieved the matter, but did not explain which defendants retaliated against him and how they did so. Upon initial screening, it was recommended that that the complaint be dismissed for failure to state a claim. The Recommendation was adopted on November 5, 2009.

Stringer appealed the Judgement, and the case was remanded to the District Court on September 17, 2010, to allow the plaintiff to amend. The case was referred to the Undersigned Magistrate on September 20, 2010. An Order was entered by United States District Judge Joan Lenard permitting the plaintiff to file an amendment on

the sole issue of retaliation. On November 22,2010, the plaintiff filed an amended complaint. This Cause is before the Court upon the screening of the amended complaint. (DE#31)

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

>           (iii) seeks monetary relief from a
>           defendant who is immune from such
>           relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff has amended his complaint to allege that Defendants Gato Jackson, MS Harris and Miami Dade Corrections and Rehabilitation Department retaliated against him for filing grievances, and other law suits, by transferring him to a facility with harsher and more dangerous jail conditions.

The Miami Dade Corrections Rehabilitation Department is not a proper defendant in this case. To file a suit against the County, the plaintiff must demonstrate that a constitutional deprivation

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

resulted from a custom, policy or practice of the County. <u>Monell v Dept. Of Social Services</u>, 436 US 691-694 (1978). The plaintiff has demonstrated no policy of custom used to deprive him of his constitutional rights. If the Miami Dade Corrections Rehabilitation Department is considered part of the larger state agency, it is protected by Eleventh Amendment Immunity, <u>Gamble v Fla. Dept. Health and Rehabilitative Services</u>, 779 F.2d 1509 (11 Cir. 1986). This defendant should therefore be dismissed.

### Retaliation

To establish a claim for retaliation, the plaintiff must demonstrate that a specific constitutional right was violated, and that the defendant intended to retaliate against him for exercising that right. <u>Brewer v Simental</u>, 268 SW 3d 763 (2008); <u>Farrow v West</u>, 320 F.3d 1235, 1248 (11 Cir. 2003) (prisoner must demonstrate a causal connection between his protected conduct and prison officials action).

In this case, the plaintiff has amended his allegations to state specifically that Jackson and Harris retaliated against him for filing grievances and another civil lawsuit in the District Court. He has minimally stated a claim for retaliation.

### III.  Conclusion

Based on the foregoing, it is recommended as follows:

1. The claims be dismissed against the Miami Dade Corrections and Rehabilitation Department (MDCR), as an improper defendant.

2. The case proceed against Jackson and Harris for retaliation. The amended complaint (DE#31) is the operative complaint. Service will be ordered by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 24th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Thomas B. Stringer, Pro Se
    No. 60633-004
    Metropolitan Correctional Center
    New York, NY
    Address of record